UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                        §
                                              §
DANIEL R. KORVAS                              §      Case No. 1:13-29586-JPC
                                              §
                        Debtor(s)             §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter     of the United States Bankruptcy Code was filed on
    .  The undersigned trustee was appointed on                        .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                    $

        Funds were disbursed in the following amounts:

        Payments made under an interim
        disbursement
        Administrative expenses
        Bank service fees
        Other payments to creditors
        Non-estate funds paid to 3rd Parties
        Exemptions paid to the debtor
        Other payments to the debtor

        Leaving a balance on hand of[1]              $

The remaining funds are available for distribution.

_____

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $             .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $            , for a total compensation of $           $^2$.  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $       , and now requests reimbursement for expenses of $       , for total expenses of $         $^2$.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____      By:/s/N. Neville Reid, Trustee_____
                                                          Trustee


**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

_____
$^2$If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

Case 13-29586 Doc 84 Filed 04/06/15 Entered 04/06/15 11:03:49 Desc Main
Document Page 3 of 10

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-29586 | JPC | Judge: | Jacqueline P. Cox | Trustee Name: | N. Neville Reid, Trustee |

Case Name: DANIEL R. KORVAS

Date Filed (f) or Converted (c): 07/26/2013 (f)

341(a) Meeting Date: 09/12/2013

For Period Ending: 03/31/2015

Claims Bar Date: 11/19/2014

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Unscheduled [Dkt. 70-1] Per Exhibit B and Schedule B Item 14 (u)<br><br>Property Addresses:   (Unscheduled)<br>2.  639 E. 92nd St.  $769.24<br>3.  6942 S. Artesian  $769.24<br>4.  9237 S. Harper  $769.24<br>5.  6339 S. Artesian  $769.24<br>6.  8040 S. Emerald  $769.24<br>7.  8727 S. Elizabeth  $769.24<br>8.  7341 Blackstone  $769.24<br>9.  9015 S. University  $769.24<br>10. 6534 S. Campbell  $769.24<br>11. 6431 S. Talman  $769.24<br>12. 6118 S. Washtenaw $769.24<br>13. 6532 S. Talman  $769.24 | 0.00 | Unknown | | 9,230.76 | 1.   FA |
| 2. PARTNERSHIP - SAVROK, LLC (u)<br><br>100% interest in Savrok, LLC<br>[Dkt. 42]<br><br>50% interst in Savrok, LLC (percentage still under investigation by Debtor)<br>[Dkt. 60] | 0.00 | Unknown | | 769.24 | 2.   FA |
| 3. REAL ESTATE<br><br>Location: 724 N. Victoria Drive, Palatine, IL 60074 | 125,000.00 | 250,000.00 | | 0.00 | FA |
| 4. CASH ON HAND<br><br>cash | 200.00 | 0.00 | | 0.00 | FA |
| 5. BANK ACCOUNTS<br><br>Harris Bank checking account Joint $75<br><br>Fifth Third Bank checking account, Palatine, IL | 75.00 | 0.00 | | 0.00 | FA |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-29586 | JPC | Judge: | Jacqueline P. Cox | | Trustee Name: | N. Neville Reid, Trustee |
|---|---|---|---|---|---|---|---|
| Case Name: | DANIEL R. KORVAS | | | | | Date Filed (f) or Converted (c): | 07/26/2013 (f) |
| | | | | | | 341(a) Meeting Date: | 09/12/2013 |
| For Period Ending: | 03/31/2015 | | | | | Claims Bar Date: | 11/19/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 6.  HOUSEHOLD GOODS   furniture | 1,200.00 | 0.00 | | 0.00 | FA |
| 7.  WEARING APPAREL   Ordinary wearing apparel | 200.00 | 0.00 | | 0.00 | FA |
| 8.  STOCK   Merck stock | 700.00 | 0.00 | | 0.00 | FA |
| 9.  PARTNERSHIP - DANRON CORP.   50% interest in Danron Corp., Inc.   [Debtor claims 100% exemption] | 0.00 | 0.00 | | 0.00 | FA |
| 10.  AUTOMOBILES   2004 Lincoln Towncar, at residence | 2,000.00 | 0.00 | | 0.00 | FA |
| 11.  PARTNERSHIP - DANKOR AGENCY, LLC (u)   100% interest in Dankor Agency, LLC   [Debtor's claims 100% exemption] | 0.00 | 0.00 | | 0.00 | FA |
| 12.  TRUST (u)   Beneficiary of mother's revocable trust with spend thrift clause (not an estate asset) | 0.00 | 0.00 | | 0.00 | FA |
| 13.  LITIGATION  (u)   Possible legal malpractice claim against Michael Kelly for bankruptcy case. | Unknown | 0.00 | | 0.00 | FA |
| 14.  OTHER (u)   Income from Dankor Agency, LLC   [Debtor claims 100% exemption] | Unknown | 0.00 | | 0.00 | FA |

Case 13-29586   Doc 84   Filed 04/06/15   Entered 04/06/15 11:03:49   Desc Main
Document   Page 5 of 10

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-29586 | JPC | Judge: | Jacqueline P. Cox | | Trustee Name: | N. Neville Reid, Trustee |
|---|---|---|---|---|---|---|---|
| Case Name: | DANIEL R. KORVAS | | | | | Date Filed (f) or Converted (c): | 07/26/2013 (f) |
| | | | | | | 341(a) Meeting Date: | 09/12/2013 |
| For Period Ending: | 03/31/2015 | | | | | Claims Bar Date: | 11/19/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 15.  AUTOMOBILES (u)<br><br>1984 Kowasaki Motorcycle | 0.00 | 0.00 | | 0.00 | FA |
| 16.  IRA  (u)<br><br>Prudential IRA - $25,000<br><br>[Debtor claims 100% exemption] | 25,000.00 | 25,000.00 | | 0.00 | FA |
| INT.  Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

| | | | | | |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $154,375.00 | $275,000.00 | | $10,000.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 12/30/2015          Current Projected Date of Final Report (TFR): 03/31/2015

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 13-29586
Case Name: DANIEL R. KORVAS

Trustee Name: N. Neville Reid, Trustee
Bank Name: Associated Bank
Account Number/CD#: XXXXXX0737
Checking

Taxpayer ID No: XX-XXX4674
For Period Ending: 03/31/2015

Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 01/22/15 | | PAN AMERICAN (Wire Deposit of $10,000) | Schedule B Item No. 14. - 50% interest in Danron Corp., not for profit LLC Interests: Savrock, LLC Bishop Properties, LLC (Scheduled) $769.24 Property Addresses: (Unscheduled) 639 E. 92nd St. $769.23 6942 S. Artesian $769.23 9237 S. Harper. $769.23 6339 S. Artesian. $769.23 8040 S. Emerald. $769.23 8727 S. Elizabeth. $769.23 7341 Blackstone. $769.23 9015 S. University $769.23 6534 S. Campbell. $769.23 6431 S. Talman . $769.23 6118 S. Washtenaw $769.23 6532 S Talman $769.23 | | $10,000.00 | | $10,000.00 |
| | | | Gross Receipts $10,000.00 | | | | |
| | 1 | | Unscheduled [Dkt. 70-1] Per Exhibit B and Schedule B Item 14 $9,230.76 | 1229-000 | | | |
| | 2 | | PARTNERSHIP - SAVROK, LLC $769.24 | 1229-000 | | | |
| 02/06/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $9,990.00 |
| 03/06/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $13.41 | $9,976.59 |

| | | |
|---|---|---|
| COLUMN TOTALS | $10,000.00 | $23.41 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $10,000.00 | $23.41 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Page Subtotals: | $10,000.00 | $23.41 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

Net $10,000.00 $23.41

Exhibit B

Case 13-29586   Doc 84   Filed 04/06/15   Entered 04/06/15 11:03:49   Desc Main
Document      Page 8 of 10

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0737 - Checking | $10,000.00 | $23.41 | $9,976.59 |
| | $10,000.00 | $23.41 | $9,976.59 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $10,000.00 |
| Total Gross Receipts: | $10,000.00 |

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 1:13-29586-JPC
Case Name: DANIEL R. KORVAS
Trustee Name: N. Neville Reid, Trustee

Balance on hand                                              $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: N. NEVILLE REID | $ | $ | $ |
| Attorney for Trustee Fees: FOX SWIBEL LEVIN & CARROLL LLP | $ | $ | $ |
| Attorney for Trustee Expenses: FOX SWIBEL LEVIN & CARROLL LLP | $ | $ | $ |
| Charges: Clerk of the Bankruptcy Court | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses          $_____

Remaining Balance                                               $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court,
priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $      have been allowed and will be paid _pro_ _rata_ only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

NONE

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid _pro_ _rata_ only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid _pro_ _rata_ only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE