**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | **)** | Chapter 7 |
| | **)** | Case No. 13-29586 |
| DANIEL R. KORVAS, | **)** | |
| | **)** | Hon. Jacqueline P. Cox |
| Debtor. | **)** | |
| | **)** | **Date: April 30, 2015** |
| | **)** | **Time: 9:30 a.m.** |

**FIRST AND FINAL APPLICATION OF FOX, SWIBEL, LEVIN & CARROLL, LLP,
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JULY 14, 2014 THROUGH FEBRUARY 28, 2015**

Fox, Swibel, Levin & Carroll, LLP ("FSLC"), general bankruptcy counsel to N. Neville Reid, not individually, but solely in his capacity as the chapter 7 trustee for the bankruptcy estate (the "Estate") of Daniel R. Korvas (the "Debtor"), files this application ("Application") for payment of an administrative claim in the amount of $11,438.41, consisting $10,000.00[1] in fees and $1,438.41 in expenses, for the period of July 14, 2014 through February 28, 2015. In support of this Application, FSLC states the following:

**INTRODUCTION**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

---

[1] FSLC incurred additional fees, however, due to lack of funds in the Estate has agreed to reduce their fees to $10,000.

## BACKGROUND

3. On July 25, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"). Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed N. Neville Reid as chapter 7 trustee.

4. The Debtor appeared for their meeting of creditors which was held on September 12, 2013 (the "341 Meeting").

5. As a result of the Debtor's testimony and his review of their bankruptcy petition, the Trustee filed a Report of No Distribution in this case on September 17, 2013. [Dkt. 20]

6. On November 13, 2013, an order of discharge was entered in the Debtor's case [Dkt. 22] and the Debtor's case was closed on November 18, 2013. [Dkt. 24]

7. On July 15, 2014 the Trustee filed a Motion to Reopen Chapter 7 Case (the "Motion to Reopen"). [Dkt. 25] As more fully set forth in the Motion Reopen, on or about July 14, 2014, the Trustee was informed by counsel for Pan American Bank that the Debtor had failed to disclose certain assets and that Pan American Bank, a creditor, was not scheduled by the Debtor.

8. On July 22, 2014 this Court entered an Order Granting Motion to Reopen Chapter 7 Case. [Dkt. 27]

9. On October 15, 2014 the Court entered a final order granting the Trustee's application to retain FSLC as general bankruptcy counsel *nunc pro tunc* to July 14, 2014. [Dkt. 59]

## REQUESTED RELIEF

10. FSLC files this Application to be allowed an administrative claim for its unpaid

2

fees and expenses for work performed on behalf of the Trustee from July 14, 2014 through February 28, 2015 (the "Application Period").

11.     Attached as Exhibit A to this Application is a schedule of the name and position of each attorney and paralegal who has performed work for the Trustee for which reimbursement is sought, the number of hours billed by each professional and his/her hourly billing rate, as well as the year each attorney graduated from law school and was admitted to practice in Illinois.

12.     Attached as Exhibit B to this Application are the detailed billing records of FSLC, describing the actual, necessary services rendered and time expended for work performed on behalf of the Trustee during the Application Period.

13.     Attached as Exhibit C to this Application is a summary of the actual, necessary expenses incurred by FSLC during the Application Period.

## **PROFESSIONAL SERVICES RENDERED**

14.     During the Application Period, FSLC has performed the following services on behalf of the Trustee:

      A.     Monitor the docket and new pleadings in the above-captioned bankruptcy for the Trustee;

      B.     Prepare, file, and present the Trustee's Motion to Reopen Chapter 7 Case [Dkt. 25];

      C.     Prepare, file, and present the Trustee's Motion for Rule 2004 Examination of Certain Entities [Dkt. 26];

      D.     Prepare, file, and present the Trustee's Application to Employ FSLC [Dkt. 58];

3

    E.    Confer with the Debtor's counsel about settling disputed issues related to the Estate; and

    F.    Prepare, file, and present the Trustee's Motion to Sell Property Free and Clear of Liens [Dkt. 70].

## APPROPRIATENESS OF FEES

15.    The total amount of fees sought by FSLC for professional services in this Application is $10,000.00. Pursuant to Local Rule 5082(1)(B)(1)(c), FSLC notes that it charged the Estate $18.50 [0.1 Hours] to prepare this Application.

16.    The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interests of the Estate. Compensation for the services provided by FSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved. FSLC undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

17.    The Trustee reopened this case after receiving information from Pan American Bank that the Debtor had submitted a personal financial statement that contradicted his bankruptcy petition disclosures.

18.    After investigating the non-disclosures, the Trustee did recover a small asset and filed an Initial Report of Assets. [Dkt. 31] Accordingly, a Notice Fixing Time for Filing of Proofs of Claims by November 19, 2014 (the "Bar Date") was sent to all creditors. [Dkt. 32]

19.    The Bar Date has expired and not creditors have filed a claim. For this reason, all of the funds collected will pay the fees incurred by the Trustee's counsel, and the resultant Trustee fee.

20. FSLC's fees are recorded in a computerized time record system, from which the billing records attached to this Application were generated. FSLC has reviewed the billing records to ensure their accuracy.

21. FSLC's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among attorneys and paralegals for the work performed.

22. FSLC's requested fees are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Estate.

### FSLC EXPENSE POLICIES

23. FSLC charges clients for actual out-of-pockets expenses it incurs on their behalf such as travel, postage, outside copying costs, outside vendor costs, and court fees. FSLC typically does not charge for internal photocopying costs or phone charges, and no such expenses are sought in this application.

24. The expenses sought by FSLC in this Application relate to charges from Westlaw ($545.01) for online research, Postage ($16.20) for mass mailing of motions, U.S. Legal Support, Inc. ($701.20) for electronic transcript of Debtor's deposition, and Chase Card Services ($176.00) for filing fees. These charges were necessary and benefited the Estate. The total amount of out-of-pocket expenses for which FSLC seeks reimbursement is $1,438.41.

25. FSLC's requested expenses are awardable pursuant to Section 330 of the Bankruptcy Code as actual, necessary expenses incurred for the administration of the Debtor's Estate.

### ADDITIONAL FEES

26. FSLC has undertaken all reasonable efforts to ensure that all attorneys' fees and expenses for the period of July 14, 2014 through February 28, 2015 are included in this

5

Application. However, it is possible that some fees and expenses may not be included in this Application. FSLC reserves the right to submit further applications for fees and expenses for the period of July 14, 2014 through February 28, 2015, if necessary.

## SUMMARY OF FEES

27. FSLC applies for an administrative claim in the amount of $11,438.41, consisting of $10,000.00 in fees and $1,438.41 in expenses.

## NOTICE

28. Pursuant to Bankruptcy Rule 2002(a), notice of this Application has been given to: (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all creditors; and (e) all other parties set up to receive notice through the Court's ECF filing system. In light of the nature of the relief requested, the Trustee submits that no further notice is required.

WHEREFORE, FSLC requests entry of an order allowing it an administrative claim in the amount of $11,438.41 and allowing the Trustee to pay the same.

Dated: April 7, 2015                    Respectfully submitted,

*Fox, Swibel, Levin & Carroll, LLP*

By:   */s/ N. Neville Reid*
      Fox, Swibel, Levin & Carroll, LLP,
      General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

6